Gura Singh DHILLON, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72162.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Kelly Moser, Environment & Natural Resources Division, Indian Resources Section, OIL, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. LeFevre,

Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Gura Singh Dhillon, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252.

Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, we review both decisions. *See Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir.2006). We review for substantial evidence, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and deny in part and dismiss in part the petition for review.

■ The IJ offered specific, cogent reasons for the adverse credibility determination that are supported by substantial evidence and go to the heart of Dhillon's claim. *See id.* at 1043. Because the record does not compel the conclusion that Dhillon was credible, he has not established eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

■ Because Dhillon's CAT claim is based on the same testimony that the IJ found not credible, and he points to no

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

other evidence that he could claim the IJ should have considered in making the CAT determination, his CAT claim also fails. *See id.* at 1157.

■ We lack jurisdiction to consider whether there were translation problems at the merits hearing because Dhillon failed to raise this issue before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (noting that due process challenges that are "procedural in nature" must be exhausted before the agency).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**